IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DELORES RUPICH, <br> individually and on behalf of a class, <br><br> Plaintiff, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   JURY DEMANDED <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.Plaintiff Delores Rupich brings this action to secure redress against unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2.This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.Venue and personal jurisdiction over defendant in this District is proper because defendant transacts business in this District.

### PARTIES

4.Plaintiff Delores Rupich is an individual who resides in this District.

5.Defendant NCO Financial Systems, Inc. is a foreign corporation with offices at 507 Prudential Road, Horsham, PA 19444.

6.Defendant NCO Financial Systems, Inc. operates a collection agency.

7.      Defendant NCO Financial Systems, Inc. is a "debt collector" as defined in the FDCPA.

**FACTS**

8.      On or about June 29, 2007, defendant NCO Financial Systems, Inc. sent plaintiff the collection letter attached as Exhibit A, seeking to collect a credit card debt allegedly incurred for personal, family or household purposes. The street address on Exhibit A is that of a debt counselor employed by plaintiff.

9.      Exhibit A represents that the alleged debt includes $3269.28 principal and $0 interest.

10.     The statement that the alleged debt includes $0 interest is false.

11.     Based on the normal practices of the creditor with respect to its credit card debts, a significant portion of the $3269.28 "principal" consists of finance charges or interest, including interest accrued after the debt became delinquent and/or charged off, as well as late fees and other default charges.

12.     Misstating the proportion of the debt that consists of principal and interest is material.

13.     Understating the interest makes it appear as if the debt is recent, and serves to conceal potential statute of limitations defenses. Conversely, a large amount of interest and a small amount of principal suggests that the debt is old, and may allow the debtor or court to calculate how old it is.

14.     Courts are more willing to enforce principal than interest. Discover Bank v. Owens, 129 Ohio Misc. 2d 71, 822 N.E.2d 869 (Ohio Mun. 2004).

15.     Creditors and purchasers of debts are required under the Internal Revenue Code and regulations to have accurate information concerning the composition of their debts. Debt Buyers' Ass'n v. Snow, 481 F. Supp. 2d 1 (D.D.C. 2006).

16.     The importance of having an accurate breakdown of principal and interest

on a debt for tax purposes is emphasized in ACA International's Guide to 1099-C Reporting, p.36:

> Example 13 – Interest
>
> Facts: A debtor owes a credit card company a debt of $5600. Of that amount, $1600 is interest. The creditor does not attempt any collection efforts during the 36-month testing period.
>
> Results: The creditor would be required to file a Form 1099-C in the amount of $4000. Interest is not required to be reported. However, if the creditor does decide to report interest, the interest must be reported separately from the principal amount of the debt. The 1099-C Form provides a separate box for the reporting of interest.
>
> If a debt purchaser is unable to determine the breakdown of purchased debt into principal and interest, it should use its best efforts to try and obtain this information so it can determine the amount of interest and principal that has been discharged. If, however, the debt purchaser is unable to obtain this information, the debt purchaser should report using the best available information. When attempting to determine what portion of a credit card debt is principal and what portion of a credit card debt is interest, special consideration should be paid to the terms of the underlying agreement between the creditor grantor and the debtor.

ACA International was formerly known as the American Collector's Association.

17. Exhibit A is a form letter.

18. On information and belief, letters in the form represented by Exhibit A are filled out in a standardized manner by defendant.

## VIOLATION ALLEGED

19. The misstatement described above violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10)). "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Fields v. Wilber Law Firm, 383 F.3d 562, 566 (7th Cir. 2004).

## CLASS ALLEGATIONS

20. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Wisconsin addresses  (b) to whom defendant NCO Financial Systems, Inc.  sent a letter seeking to collect a  credit card debt owned by GE Consumer Finance, (c) that lists as "interest" an amount less than  the unpaid finance charges imposed on the account, (d) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

21. The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

22. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

23. Plaintiff's claim is typical of the claims of the class members.  All are based  on the same factual and legal theories.

24. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

25. A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

      Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

t:\20198\pleading\complaint_pleading.wpd