IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| DELORES RUPICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 0793 |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT – CLASS ACTION

### INTRODUCTION

NOW COMES Defendant, NCO FINANCIAL SYSTEMS, INC., ("NCO"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1. Plaintiff Delores Rupich brings this action to secure redress against unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc., Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

**ANSWER:** NCO admits plaintiff purports to bring this class action complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., but denies any liability or wrongful conduct as alleged in ¶ 1 and further denies this suit meets the requirements of a class action.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k (FDCPA).

**ANSWER:  NCO admits the allegations in ¶ 2 for jurisdictional purposes only.**

3.  Venue and personal jurisdiction over defendant in this District is proper because defendant transacts business in this District.

**ANSWER:  NCO admits the allegations in ¶ 3 for venue purposes only.**

### PARTIES

4.  Plaintiff Delores Rupich is an individual who resides in this District.

**ANSWER:  NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 4, which has the effect of a denial.**

5.  Defendant NCO Financial Systems, Inc. is a foreign corporation with offices at 507 Prudential Road, Horsham, PA  19444.

**ANSWER:  NCO admits the allegations in ¶ 5.**

6.  Defendant NCO Financial Systems, Inc. operates a collection agency.

**ANSWER:  NCO admits the allegations in ¶ 6.**

7.  Defendant NCO Financial Systems, Inc. is a "debt collector" as defined in the FDCPA.

**ANSWER:  NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be subject to provisions of the FDCPA.  Except as specifically admitted, the allegations in ¶ 7 are denied.**

## FACTS

8. On or about June 29, 2007, defendant NCO Financial Systems, Inc. sent plaintiff the collection letter attached as Exhibit A, seeking to collect a credit card debt allegedly incurred for personal, family or household purposes. The street address on <u>Exhibit A</u> is that of a debt counselor employed by plaintiff.

**ANSWER: NCO admits that its records document a letter of the type identified as Exhibit "A", was sent to the plaintiff on June 29, 2007 seeking to collect a debt owed by plaintiff. NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 8, which has the effect of a denial.**

9. Exhibit A represents that the alleged debt includes $3,269.28 principal and $0 interest.

**ANSWER: NCO admits the allegations in ¶ 9, but refers to the original letter as the best evidence of its contents.**

10. The statement that the alleged debt includes $0 interest is false.

**ANSWER: NCO denies the allegations in ¶ 10.**

11. Based on the normal practices of the creditor with respect to its credit card debts, a significant portion of the $3,259.28 "principal" consists of finance charges or interest, including interest accrued after the debt became delinquent and./or charged off, as well as late fees and other default charges.

**ANSWER: NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 11, which has the effect of a denial.**

12. Misstating the proportion of the debt that consists of principal and interest is material.

**ANSWER: NCO denies the allegations in ¶ 12, and refers all questions of law to the court.**

13. Understating the interest make it appear as if the debt is recent, and serves to conceal potential statute of limitations defenses. Conversely, a large amount of interest and a small amount of principal suggests that the debt is old, and may allow the debtor or court to calculate how old it is.

**ANSWER: NCO denies the allegations in ¶ 13.**

14. Courts are more willing to enforce principal than interest. Discover Bank v. Owens, 129 Ohio Misc. 2d 71, 822 N.E.2d 869 (Ohio Mun. 2004).

**ANSWER: NCO admits the existence of the cited case, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 14, which has the effect of a denial, and refers all questions of law to the Court.**

15. Creditors and purchasers of debts are required under the Internal Revenue Code and regulations to have accurate information concerning the composition of their debts. Debt Buyers' Ass'n v. Snow, 481 F.Supp.2d 1 (D.D.C. 2006).

**ANSWER: NCO admits the existence of the cited case, but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 15, which has the effect of a denial, and refers all questions of law to the Court.**

16.     The importance of having an accurate breakdown of principal and interest on a debt for tax purposes is emphasized in ACA International's Guide to 1099-C Reporting, p. 36:

Example 13 – Interest

    Facts:     A debtor owes a credit card company a debt of $5,600. Of that amount, $1,600 is interest. The creditor does not attempt any collection efforts during the 36-month testing period.

    Results:   The creditor would be required to file a Form 1099-C in the amount of $4,000. Interest is not required to be reported. However, if the creditor does decide to report interest, the interest must be reported separately from the principal amount of the debt. The 1099-C Form provides a separate box for the reporting of interest.

If a debt purchaser is unable to determine the breakdown of purchased debt into principal and interest, it should use its best efforts to try and obtain this information so it can determine the amount of interest and principal that has been discharged. If, however the debt purchaser is unable to obtain this information, the debt purchaser should report using the best available information. When attempting to determine what portion of a credit card is principal and what portion of a credit card debt is interest, special consideration should be paid to the terms of the underlying agreement between the creditor grantor and the debtor.

ACA International was formerly known as the American Collector's Association.

**ANSWER: NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 16, which as the effect of a denial, and refers to the original document as the best evidence of its content.**

    17.     <u>Exhibit A</u> is a form letter.

**ANSWER: NCO admits that the letter attached as Exhibit A is constructed from a form template and populated with data provided by the placing creditor. Except as specifically admitted, NCO denies the allegations in ¶ 17.**

5

18.  On information and belief, letters in the form represented by Exhibit A are filled out in a standardized manner by defendant.

**ANSWER: NCO denies the allegations in ¶ 18.**

## VIOLATION ALLEGED

19.  The misstatement described above violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§ 1692e), a false representation of the "character" of any debt (§ 1692e(2)(A), and "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§ 1692e(10)). "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Fields v. Wilbur Law Firm, 383 F.3d 562, 566 (7th Cir. 2004).

**ANSWER:   NCO denies the allegations in ¶ 19.**

## CLASS ALLEGATIONS

20.  Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Wisconsin addresses (b) to whom defendant NCO Financial Systems, Inc. sent a letter seeking to collect a credit card debt owned by GE Consumer Finance, (c) that lists as "interest" an amount less than the unpaid finance charges imposed on the account, (d) which letter was sent during a period

6

beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER: NCO admits plaintiff purports to bring a class action as alleged in ¶ 20, but denies this suit meets the requirements for a class action.**

21. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER: NCO denies the allegations in ¶ 21, and further denies this suit meets the requirements for a class action.**

22. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

**ANSWER: NCO denies the allegations in ¶ 22, and further denies that this suit meets the requirements for a class action.**

23. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: NCO denies the allegations in ¶ 23, and further denies that this suit meets the requirements for a class action.**

24. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER: NCO denies the allegations in ¶ 24, and further denies that this suit meets the requirements for a class action.**

25.  A class action is superior to other alternative methods of adjudicating this dispute. Individual case are not economically feasible.

**ANSWER: NCO denies the allegations in ¶ 25, and further denies that this suit meets the requirements for a class action.**

AND NOW, in further Answer to the Complaint, Defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, and in the event, Defendant is found to be a debt collector as defined by FDCPA, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant, NCO FINANCIAL SYSTEMS, INC., respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, pursuant to federal and

state law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

Respectfully submitted,

By: *s/Edwin R. Cummings*
Edwin R. Cummings

Edwin R. Cummings
SESSIONS, FISHMAN & NATHAN OF ILLINOIS, LLC
1000 Skokie Boulevard, Suite 430
Wilmette, IL 60091
Telephone: (847) 853-6100
Facsimile: (847) 853-6105
E-Mail:     tcummings@sessions-law.biz

*Of Counsel:*

David Israel
SESSIONS, FISHMAN & NATHAN, L.L.P.
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1751
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail:     disrael@sessions-law.biz

Attorneys for Defendant, NCO FINANCIAL SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2007, a copy of the foregoing **ANSWER TO COMPLAINT** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Daniel A. Edelman
    Cathleen M. Combs
    James O. Latturner
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC.
    120 S. LaSalle Street, 18th Floor
    Chicago, Illinois 60603
    (312) 739-4200

                                                                                *s /Edwin R. Cummings*

Subscribed and sworn to before me
this 2nd day of October, 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
HARRIET D CROSBY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/08/11

N:\NCO\Rupich, Delores (6947-07-22096)CLASS ACTION\Pleadings\Answer to Complaint.doc