IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| DELORES RUPICH, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 2:07cv793 Judge Clevert |
| v. | ) ) ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF AGREED MOTION TO TRANSFER VENUE**

Plaintiff Delores Rupich respectfully moves this Court pursuant to 28 U.S.C. § 1404(a) to transfer venue of this action to the United States District Court for the Northern District of Illinois. Transfer is proper because venue and jurisdiction are proper in both the transferor and transferee districts and because the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice.

On September 4, 2007, Plaintiff filed a putative class-action complaint alleging defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") by misstating the proportion of the debt that consists of principal and interest.

Prior to this filing, however, on August 6, 2007, a related putative class action was filed in the Northern District of Illinois also alleging violations of the FDCPA against the defendant for misstating the proportion of the debt that consists of principal and interest. That case is styled *Milam v. NCO Financial Systems Inc.,* 07 C 4420 (N.D. Ill.) (St. Eve, A).

On October 31, 2007, another related class action was filed in the Norther District

of Illinois alleging the same violations of the FDCPA against defendant relating to misstating the proportion of the debt that consists of principal and interest. That case is styled *Mitchell v. NCO Financial Systems, Inc.,* 07 C 06165 (N.D. Ill.) (Norgle, C).

On November 8, 2007 plaintiff, Ruby Milam, filed an unopposed motion pursuant to Local Rule 40.4 requesting the reassignment of *Mitchell v. NCO Financial Systems, Inc., 07 C 6165* as a related case. On November 15, 2007 reassigning *Mitchell* to U.S. District Court Judge Amy J. St. Eve.

Class counsel in the present case, Edelman, Combs, Latturner & Goodwin, LLC, represent all three classes. The plaintiff, Delores Rupich wishes to have the *Rupich v. NCO Financial Systems, Inc.,* case transferred to the U.S. District Court for the Northern District of Illinois Eastern Division by consent.

28 U.S.C. §1404(a) provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer under Section 1404(a) is appropriate where the moving party demonstrates that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Brother Int'l*, 2006 WL 1543275, at *1.

In ruling on a motion to transfer, these statutory factors are considered "in light of all the circumstances of the case." *Caffey v. Van Dorn Iron Works,* 769 F.2d 217, 219 (7th Cir. 1986) (noting that the weighing of these factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge."); *See also Van Dusen v.*

*Barrack*, 376 U.S. 612, 622 (1964) (emphasizing the "individualized, case-by-case consideration of convenience and fairness" required by §1404(a)).

First, in accordance with the "first to file" rule, this case should be transferred to the earlier-filed and related case pending in the Northern District of Illinois. *Medi USA, L.P. v. Jobst Inst., Inc.,* 791 F. Supp. 208, 211 (N.D. Ill. 1992). The *Milam* case was filed almost a month before *Rupich* and the claims of both cases are very similar. Further, Defendants do business in the Northern District of Illinois and Plaintiff does not object to venue there.

Thus, it is not disputed that venue is proper in the Eastern District of Wisconsin and it is equally undisputed that venue would also be proper in the proposed transferee district of the Northern District of Illinois where the first-filed *Milam* action is pending. Jurisdiction is proper under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

Second, in the interest of judicial economy, this case should be transferred to the Northern District of Illinois because the earlier-filed *Milam* case, as well as, the later filed *Mitchell* case involve the same facts and issues, and doing so will facilitate a more efficient settlement. *A.P.T., Inc. V. Quard Envy Tech. Corp., Inc.,* 698 F. Supp. 718, 724 (N.D. Ill. 1988); *Zurich Ins. Co. V. Raymark Indus., Inc.*, 672 F. Supp. 1102, 1104 (N.D. Ill. 1987); *Rouse Woodstock v. Surety Fed. Sav. & War Ass'n*, 630 F. Supp. 1004, 1012 (N.D. Ill. 1984). Given that these cases entail virtually identical parties and claims, a global settlement may be the most efficient means of resolving all three cases. In view of the inevitable overlapping of effort if these cases are handled separately, transfer to a single court is required in the interests of justice and judicial economy.

A global settlement before a single judge will streamline the settlement and avoid duplication of effort, labor and cost. Defendant, NCO Financial Systems, Inc., is the only defendant

in all three actions.  In addition, the class notice, preliminary approval motion and memorandum in support of final approval can be consolidated into one procedure and schedule instead of the parties having to draft individual notices and file individual briefs three times over.  As such, transfer is critical to avoid unnecessary duplication.

Accordingly, for the reasons stated above the parties jointly request that the Court transfer this matter pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
James O. Latturner
Cathleen M. Combs
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on December 4, 2007, I electronically filed the foregoing **Memorandum of Law in Support of Unopposed Motion to Transfer Venue** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Edwin R. Cummings
tcummings@sessions-law.biz

David Israel
disrael@sessions-law.biz

Robert S. Phillips
robert.phillips2@aig.com

Scott G. Thomas
scott.thomas@aig.com

                                                  s/ Daniel A. Edelman
                                                  Daniel A. Edelman